OPINION
On June 26, 1998, the Stark County Grand Jury indicted appellant, Kenneth Girt, on one count of gross sexual imposition in violation of R.C. 2907.05. Said charge arose from incidents involving his daughter's friend, Savannah Mendoza, a minor. A jury trial commenced on January 26, 1999. The jury found appellant guilty as charged. By judgment entry filed January 29, 1999, the trial court sentenced appellant to a determinate term of two years in prison. Appellant stipulated to being classified as a sexually oriented offender. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION.
 II. SINCE THE TAPE RECORDING OF MR. GIRT'S STATEMENT CONTAINED THE INTERROGATING OFFICERS' OPINIONS AND THEORIES OF HIS GUILT THE ADMISSION OF THE TAPE RECORDING INTO EVIDENCE DENIED MR. GIRT DUE PROCESS OF LAW AND A FAIR TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 III. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S NONFLAGRANT IMPROPER REMARKS DURING CLOSING ARGUMENT, IN WHICH THE PROSECUTOR VOUCHED FOR THE CREDIBILITY OF THE STATE'S WITNESSES AND APPEALED TO THE EMOTIONS, PASSIONS AND PREJUDICES OF THE JURORS, WHERE ONLY EVIDENCE AGAINST THE DEFENDANT-APPELLANT WAS WITNESSES' TESTIMONY; AND TRIAL COURT FAILED TO GIVE PROMPT AND ADEQUATE CURATIVE INSTRUCTION TO THE JURY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IV. THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO A FULL AND EFFECTIVE APPEAL WHEN COUNSEL FAILED TO RAISE THE ERRORS LISTED IN ASSIGNMENTS OF ERRORS ONE THROUGH THREE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant claims the jury's verdict was against the manifest weight and sufficiency of the evidence. We agree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. Appellant was convicted of gross sexual imposition in violation of R.C. 2907.05 which states as follows: (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
"Sexual contact" is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Appellant argues the state failed to prove the victim's age at the time of the incidents and that sexual contact occurred between appellant and the victim. We agree the state failed to prove the victim's age. The jury trial was held on January 26, 1999. The victim testified at the trial. The prosecutor asked the victim her age on the day of trial. T. at 103. The victim responded she was thirteen. Id. The incidents with appellant were alleged to have occurred on or about March 7, 1998. T. at 105; Bill of Particulars filed July 31, 1998. The prosecutor never asked the victim how old she was on March 7, 1998. The prosecutor never asked the victim her birth date. The prosecutor never introduced the victim's birth certificate into evidence. Based upon the evidence presented, the victim could have turned thirteen anytime after January 27, 1998, and could have been thirteen on March 7, 1998. The state argues there is evidence of the victim's age in the record. The state argues a detective's comment during appellant's interrogation set forth the victim's age. On the tape recording of appellant's interrogation which was played for the jury (T. at 133), Detective James Armstrong asked appellant "But a fairly big girl for 12 right?" See, Transcript of Appellant's Statement attached to Appellee's Brief as Exhibit 1. We fail to find this unsubstantiated passing comment by Detective Armstrong during appellant's interrogation to be tantamount to establishing the victim's age for purposes of proving an element of the offense charged. Upon review, we find insufficient evidence to find appellant guilty of gross sexual imposition in violation of R.C.2907.05. Assignment of Error I is granted.
 II, III, IV
Based upon our decision in Assignment of Error I, these assignments are moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By READER, V.J. FARMER, P.J. and WISE, J. concur.